FILED

07/14/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 26-0026

DA 26-0026

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 156N

IN RE THE PARENTING OF: H.B.-S.,

    A minor child,

LYDIA BAKER,

        Petitioner and Appellant,

and

BRADLY SMITH,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR-20-185C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Lydia Baker, Self-Represented, Belgrade, Montana

    For Appellee:

        Emma S. Buescher, Law Office of Emma S. Buescher, Bozeman, Montana

Submitted on Briefs: July 1, 2026
Decided:  July 14, 2026

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Lydia Baker appeals the Eighteenth Judicial District Court's December 11, 2025 order amending the parties' April 2024 Amended Parenting Plan for their minor child H.B.-S., who is now ten years old. The order followed an evidentiary hearing held fourteen months earlier on the petition of Bradly Smith. The court granted Bradly's request to have the child relocate with him and his wife Brandi to Cut Bank, Montana, and to enroll the child in school there. Based on its findings of fact, the District Court directed that Lydia have supervised parenting time over a consecutive Friday, Saturday, and Sunday every month from 8:00 a.m. to 5:00 p.m. each day, with Lydia responsible for supervising costs. In the same order, the court denied all other pending motions that Lydia had filed, held her in civil contempt for her numerous violations of the Amended Parenting Plan, and awarded attorney's fees to Bradly for Lydia's contempt. Lydia challenges numerous aspects of the order but did not provide a transcript of the October 7, 2024 hearing. We affirm in part, reverse in part, and remand for further consideration.

¶3      Parenting of H.B.-S. initially was governed by a November 2021 Final Parenting Plan, under which the parties shared a week-on, week-off schedule, with telephone contact three evenings a week. The District Court entered the April 2024 Amended Parenting Plan

2

following a hearing at which it heard testimony from both parents and the Guardian Ad Litem. Based on its findings of fact, the court's Amended Parenting Plan directed that the child reside primarily with Bradly and that Lydia have parenting time every other weekend from Thursday afternoon until Monday, as well as one evening each week that she did not have overnight parenting time. The court did not rule at that time on Bradly's relocation but directed that the child remain in his current school "pending a relocation hearing" and that his school location was to be changed only if the court so ordered. The Amended Parenting Plan provided further that the residential schedule was to be reviewed in August 2025 before the school year to see whether Lydia's parenting time would be increased.

¶4 The parties followed with numerous additional filings, including but not limited to motions for contempt, further submissions on Bradly's request to have the child relocate, and Bradly's motion for emergency ex parte interim parenting plan pending that determination. The District Court convened a hearing on October 7, 2024, at which time it received testimony from both parents, H.B.-S.'s stepmother Brandi Smith, family counselor Sarah Elushik, Sgt. Benjamin Martin of the Belgrade Police Department, and Kristin Braemer of the Montana DPHHS Child and Family Services Division. The court also received into evidence an August 28, 2024 Psychological Assessment of Lydia, a letter to the court from the minor child, and a song the child had written.

¶5 The District Court's December 11, 2025 order made numerous findings from the evidence presented at the hearing, considered whether Bradly had met his burden of establishing a change in circumstances of the child and that the amendment was necessary to serve the best interest of the child, and discussed its findings in the context of the best

3

interest factors as required by § 40-4-212, MCA. As noted, the court determined that the child would be allowed to relocate with Bradly to Cut Bank and imposed supervised parenting restrictions on Lydia for one weekend every month. The court directed the parties to attempt to agree on a yearly holiday schedule to allow each to share in important days for parenting and to address the matter in family counseling if they could not agree. The court also directed a video call with Lydia three evenings a week at 7:00 p.m. It provided for review of the residential schedule in June 2027. The court made additional specific provisions for individual and family therapy for the child and for Lydia's continued treatment for her mental health and substance use.

¶6      District courts are granted broad discretion under §§ 40-4-212, -219, and -220, MCA, when determining parenting plan modifications. *In re Marriage of Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894 (internal citations omitted). Parenting plan modifications and determinations are reviewed for clear abuse of discretion. *In re Marriage of Bessette*, ¶ 13 (internal citations omitted). A district court abuses its discretion if the exercise of such discretion is based on a clearly erroneous finding of fact, or an erroneous conclusion of law, or if the court acts arbitrarily without employing conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *In re Marriage of Bessette*, ¶ 13 (internal citations omitted). We review conclusions of law de novo for correctness. *In re Marriage of Bessette*, ¶ 13 (internal citations omitted).

¶7      Lydia takes issue with numerous aspects of the District Court's rulings and argues that her right to due process was violated when the court entered its December 2025 order without conducting the August 2025 review called for in the April 2024 Amended

4

Parenting Plan. As the Appellant, Lydia has the duty to present this Court with a record sufficient to enable us to rule upon the issues raised. M. R. App. P. 8(2). This duty includes requesting the transcript of proceedings. M. R. App. P. 8(3). Failure to present this Court with "a sufficient record on appeal may result in dismissal of the appeal or affirmance of the [trial] court on the basis that the appellant has presented an insufficient record." M. R. App. P. 8(2). We presume a trial court's decision is correct, and the appellant bears the burden to establish error. *See State v. Buck*, 2006 MT 81, ¶ 30, 331 Mont. 517, 134 P.3d 53 (citations omitted). We will not substitute our judgment for that of a district court on conflicts in the evidence. *In re Marriage of Oehlke*, 2002 MT 79, ¶ 21, 309 Mont. 254, 46 P.3d 49 (internal citations omitted). Because Lydia did not request or provide this Court with the entire trial record, it is impossible for the Court to determine the complete picture of the evidence presented to review many of the errors she alleges.

¶8 Here, the District Court's December 11, 2025 order recounted the history of the case and the evidence it received at the hearing. It made extensive findings of fact from that evidence on the best interests of the child. Referencing the standards for amendment of a parenting plan under § 40-4-219, MCA, the court acknowledged that Bradly had the burden to meet those standards and to prove that amendment of the parenting plan was in H.B.-S's best interest. Although the court did not make express findings on a change in the child's circumstances, such findings clearly are implied from the numerous findings the court did make. *See Truss Works, Inc. v. Oswood Constr. Co.*, 2022 MT 42, ¶ 27, 408 Mont. 27, 504 P.3d 1116 (noting that "we have long adhered to the doctrine of implied findings, which states that where a court's findings are general in terms, any findings not specifically made,

5

but necessary to the judgment, are deemed to have been implied, if supported by the evidence." (internal citations omitted)). Without a sufficient record, we cannot conclude that any of the court's findings are unsupported by the evidence.

¶9　We do agree with Lydia, however, that because the District Court waited well over a year to issue its order, it abused its discretion by imposing the severe restriction on her parenting time—limiting Lydia to supervised parenting for her monthly weekend time with the child—without having current information from the parties.[1] The court based this restriction in part on Lydia's significant mental health and chemical dependency concerns that impact H.B.-S., which it found she had not addressed. It directed Lydia to meet with a psychiatrist as often as prescribed by that provider and to follow their recommendations for one year, including recommendations regarding marijuana intake and supplement usage. The court further ordered that Lydia have in-person therapy with at least one continuous counselor once a week for a period of at least two years, with the counselor receiving input from Lydia's past counselors cited in the GAL Report and Lydia's August 28, 2024, Psychological Assessment and Report. Lydia claims that during the interim fourteen months between the hearing and the court's order, she continued her counseling, complied with treatment recommendations, implemented additional supervision measures, participated in drug testing, and sought continued family counseling services.

---

[1] The District Court did not explain how it expected Lydia to find a supervisor for eight hours at a time for three consecutive days over a weekend.

¶10 We do not assess the validity of these claims. And given the state of the record, we find no error in the District Court's findings of fact or its conclusions of law.[2] But we conclude that due to the long delay between the hearing and the court's order its restrictions for supervised parenting were premised on outdated information. The District Court must give the parties an opportunity to present—in the form the court deems suitable—updated information on the circumstances of the child, on Lydia's mental health and substance abuse treatment, and on the status of continued individual and family therapy, if any, following which the court shall make updated findings and a new order specifying changes it determines are appropriate, if any, to Lydia's parenting time.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We reverse that portion of the District Court's December 11, 2025 order restricting Lydia's parenting time to supervised parenting and remand for further consideration in accordance with this Opinion. On the basis of the record on appeal, we affirm the District Court's order in all other respects.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ KATHERINE M. BIDEGARAY
/S/ JIM RICE

---

[2] We point out that because the December 2025 order superseded the April 2024 Amended Parenting Plan, the provision for an August 2025 review no longer applied.

7